FILED
**Jun 24, 2019**
**01:05 PM(CT)**
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Fred Travis, III | ) Docket No. 2018-03-0237 |
| | ) |
| v. | ) State File No. 14934-2018 |
| | ) |
| Carter Express, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

---

### Vacated and Remanded

---

In this second interlocutory appeal in this case involving an award of attorney's fees, the employer argues the trial court erred in ordering it to pay the employee's attorney's fees at an interlocutory stage of the case based on the employer's purported wrongful denial of the claim and/or its erroneous failure to timely initiate workers' compensation benefits. Upon careful consideration of the record and the particular circumstances of this case, we conclude the trial court abused its discretion in awarding attorney's fees at this stage of the case. We therefore vacate the award of attorney's fees and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

J. Allen Brown, Nashville, Tennessee, for the employer-appellant, Carter Express, Inc.

Brad C. Burnett, Clinton, Tennessee, for the employee-appellee, Fred Travis, III

### Factual and Procedural Background

Fred Travis, III ("Employee"), a 40-year-old resident of Anderson County, Tennessee, worked as a truck driver for Carter Express, Inc. ("Employer"). In early November 2017, while on a multi-state delivery route originating and terminating in Andersonville, Tennessee, Employee reported experiencing pain and other symptoms in his right shoulder. Initially, he was unable to identify a particular event or accident causing his symptoms. Later, he described an incident occurring on November 2, 2017, in which he felt stiffness and a dull pain in his right shoulder after climbing under the truck and trailer to make sure a connecting pin was locked. He described a second

1

incident in the early morning hours of November 3, 2017, in which he felt a sharp pain in his right shoulder as he opened, lifted, and swung a trailer door back to pin it against the side of the trailer. He further alleged his symptoms worsened during the course of the trip in Arkansas and Tennessee. He reported his condition to his employer on November 4 and sought medical treatment that day. He did not return to work for Employer.

At an expedited hearing, Employer maintained it did not owe workers' compensation benefits in Tennessee. First, it asserted Employee had waived his right to pursue workers' compensation benefits in Tennessee by voluntarily signing an agreement in 2015 as a condition of his employment entitled "Agreement as to Jurisdiction and Notice as to Indiana Workers' Compensation Law." This agreement stated that "any and all workers' compensation claims that you may have arising out of this employment . . . will be governed exclusively by the law of the State of Indiana."

In addition, Employer argued Employee failed to allege a specific incident or set of incidents resulting in an injury as is required by Tennessee Code Annotated section 50-6-102(14). In support of this argument, it relied on several injury reports containing varying descriptions of the alleged incidents, as well as a November 4, 2017 medical record from Fast Pace Urgent Care Clinic in which Employee allegedly told the medical provider he was "not sure what he ha[d] done." In that record, the medical provider noted there was "no known injury but [patient] states he drives an 18 wheeler locally and thinks this may be related to getting in and out of the cab of the truck or loading [the] truck." Later, when Employee saw an orthopedic physician, Dr. Sean Grace, on December 13, 2017, he told Dr. Grace he "felt a sharp pain in his upper arm and shoulder area" after "lifting the trailer door" on November 3, 2017, and reported "no prior history of significant right shoulder injury in the past." Employer asserted Employee's allegations lacked credibility because he gave varying descriptions of how the injury took place and because he failed to inform his medical providers of a prior shoulder injury in 2004 when he was working for another employer.

Following the first appeal in this case, we concluded, as an issue of first impression, that a prospective forum selection clause was unenforceable in workers' compensation cases in light of Tennessee Code Annotated section 50-6-114.[1] We also concluded the trial court properly ordered the payment of medical and temporary disability benefits. However, we vacated that part of the trial court's order determining Employee was entitled to attorney's fees pursuant to Tennessee Code Annotated section 50-6-226(d)(1)(B), and we remanded the case for the trial court to reconsider the issue in light of the framework set out in *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018).

---

[1] *See Travis v. Carter Express, Inc.*, No. 2018-03-0237, 2018 TN Wrk. Comp. App. Bd. LEXIS 67, at *17-18 (Tenn. Workers' Comp. App. Bd. Dec. 21, 2018).

Upon remand, the trial court conducted several hearings during which the parties discussed the attorney's fee issue and presented their respective arguments. The trial court then issued an order determining Employer's failure to initiate workers' compensation benefits in Tennessee was "incorrect, erroneous, and inconsistent with the law or facts" for four reasons: (1) the forum selection clause signed by Employee was "void from the outset"; (2) Employee never made a knowing and willful election of remedies to pursue benefits under Indiana law; (3) Employee timely reported a work accident, but Employer failed to authorize medical care even after receiving a causation opinion from Dr. Grace; and (4) Employer failed to accommodate Employee's restrictions to allow him to return to work. The trial court then determined this case fell within the "extremely limited circumstances" described in *Thompson* to support an interlocutory award of attorney's fees. The court reasoned that Employer refused to initiate benefits "based on its own interpretation that [Employee's] reports of injury were inconsistent and without seeking an expert opinion to rebut Dr. Grace's causation opinion and support its denial." The court further concluded Employer "took steps at every stage to delay [Employee's] claim," reasoning that "an employer cannot be allowed to deny benefits and delay recovery without cause, relying solely . . . upon its own interpretation of the employee's description of injury and medical records." Finally, the trial court concluded "[t]he purpose of the statute is defeated if an injured employee must wait until a [c]ompensation [h]earing to recover attorney's fees incurred for recovering temporary disability and medical benefits." It awarded Employee $28,244.00 in attorney's fees. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

**Analysis**

The determinative issue in this case is whether these facts fall within the "extremely limited circumstances" supporting an interlocutory award of attorney's fees. As a preface to our analysis of this issue, some historical perspective is helpful.

Tennessee has long followed the American Rule with regard to attorney's fees. *Eberbach v. Eberbach*, 535 S.W.3d 467, 474 (Tenn. 2017). This rule provides that each party to litigation pays its own attorney's fees unless "(1) a contractual or statutory provision creates a right to recover attorney['s] fees; or (2) some other recognized exception to the American rule applies." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009).

This rule has long been applied in workers' compensation cases. Tennessee Code Annotated section 50-6-226(a)(1) provides that attorney's fees in workers' compensation cases are subject to the approval of the trial court and "no fee shall be in excess of twenty percent (20%) of the amount of the recovery or award *to be paid by the party employing the attorney*." Tenn. Code Ann. § 50-6-226(a)(1) (2018) (emphasis added). This language has been in place since the first version of the statute passed in 1919 and remains in the statute today. Thus, employees' attorneys have traditionally been required to wait until an employee obtained a recovery to receive a fee. In most cases, that happens at the time of settlement or following a trial. To recover fees other than those traditionally awarded at the end of a case, there must be a statutory provision allowing such an award.

In 2016, the Tennessee General Assembly amended the Workers' Compensation Law to provide for awards of attorney's fees other than the fees described in section 50-6-226(a)(1). Specifically, Tennessee Code Annotated section 50-6-226(d)(1) stated in pertinent part:

> In addition to attorneys' fees provided for in this section, the court of workers' compensation claims may award reasonable attorneys' fees and reasonable costs, including, but not limited to, reasonable and necessary court reporter expenses and expert witness fees, for depositions and trials incurred when the employer:
>
> . . . .
>
> > (B) *Wrongfully denies a claim by timely filing a notice of denial, or fails to timely initiate any of the benefits to which the employee is entitled under this chapter*, including medical benefits under § 50-6-204 or temporary or disability benefits under § 50-6-207, if the workers' compensation judge makes

4

> a finding that the benefits were owed at an expedited hearing or compensation hearing.

Tenn. Code Ann. § 50-6-226(d)(1) (2017) (emphasis added).[2]

We have previously addressed the issue of attorney's fees awarded prior to the conclusion of the case. In *Thompson*, we noted that the word "wrongfully," as used in the 2017 version of the statute cited above, applied only to the denial of a claim and not to the failure to timely initiate benefits. *Thompson*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *26. We then noted "the statute does not explicitly state when, in the course of litigation, an award of attorneys' fees and costs can be made." *Id.* at *28. We concluded "a decision to award attorneys' fees and expenses at an interlocutory stage of a case should be made only in *extremely limited circumstances*." *Id.* at *29 (emphasis added).[3] Nevertheless, we affirmed the trial court's interlocutory award of attorney's fees based on the particular circumstances of that case. Specifically, we noted the employer in that case declined to authorize medical treatment recommended by an authorized physician "based solely on its own interpretation of the medical records and without seeking an expert medical opinion to support its denial." *Id.* at *31. Over the course of approximately five months, the employer and its insurer disregarded expert medical opinions of causation, refused to reconsider their decision after a medical deposition was complete, opted not to seek utilization review of recommended treatment, did not request an employer's medical examination, and did not request an independent medical evaluation by an expert designated by the court. *Id.* at *30. These factors led to our conclusion that the case "exemplifies one of the extremely limited set of circumstances where an award of reasonable attorneys' fees and costs is appropriate at an interlocutory stage of the case." *Id.* at *31.

Thereafter, in *Andrews v. Yates Services, LLC*, No. 2016-05-0854, 2018 TN Wrk. Comp. App. Bd. LEXIS 22 (Tenn. Workers' Comp. App. Bd. May 8, 2018), we noted that the term "wrongfully," as used in section 50-6-226(d)(1)(B) (2017), did not include a "lack of good cause," but required a finding that the employer's actions were "erroneous, incorrect, or otherwise inconsistent with the law or facts to support a claim for reasonable attorney's fees and expenses." *Id.* at *10. We also concluded that "a trial court may

---

[2] This statute was amended again effective April 18, 2018, but that amendment applies to cases in which the date of injury was on or after that date and is therefore not applicable to the present case.

[3] We also observed, as we did in a prior case, that "[g]iven the twists and turns inherent in litigation, . . . the better practice is to resolve [attorney's fee disputes] after the litigation has run its course and the parties and the court no longer face uncertainties over future developments, as opposed to adjudicating [such disputes] in piecemeal fashion as the case winds its way through the litigation process." *Thompson*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *27-28 (quoting *Andrews v. Yates Servs., LLC*, No. 2016-05-0854, 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at *7 (Tenn. Workers' Comp. App. Bd. May 23, 2017)). We reiterate that observation today.

consider whether an employer's decision to deny a claim was erroneous, incorrect, or otherwise inconsistent with the law or facts *at the time the denial decision was made*." *Id.* at *12 (emphasis in original). With respect to this issue, we explained:

> [I]t is within a trial court's discretion to consider an employer's decision to deny a claim in light of evidence or other information reasonably available to the employer at the time the claim was denied. Moreover, such a determination is fact-dependent, and we do not intend to suggest there is a bright-line test defining the parameters of such a decision. Instead, a trial court may consider the facts and circumstances of each individual case to assess whether an employer's decision to deny a claim was incorrect, erroneous, or otherwise inconsistent with the law or facts at the time the decision was made.

*Id.* at *12-13. In considering whether a trial court has abused its discretion, we are required to assess whether the court "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused injustice to the party complaining." *State v. Farrell*, 277 S.W.3d 372, 378 (Tenn. 2009). The abuse of discretion standard of review does not immunize a lower court's decision from meaningful appellate scrutiny, however, as discretionary decisions "require a conscientious judgment, consistent with the facts, that takes into account the applicable law." *White v. Beeks*, 469 S.W.3d 517, 527 (Tenn. 2015).

Moreover, although a finding of wrongfulness may ultimately support an award of reasonable attorney's fees and costs in accordance with section 50-6-226(d)(1)(B), it does not, standing alone, support an award of attorney's fees and costs *at an interlocutory stage of the case*. In order to award attorney's fees and costs in circumstances where discovery, medical treatment, and/or the development of expert proof are in preliminary stages or are ongoing, as in the present case, the trial court must consider whether the case fits within the "highly unusual circumstances" such as those discussed in *Thompson*. For example, in circumstances where an employer relies on its own interpretation of medical evidence without seeking an expert medical opinion to support its interpretation, fails to take reasonable steps to investigate a claim before denying it, fails to consider evidence in favor of the injured worker, and/or declines to reconsider its denial of a claim in the face of newly-discovered countervailing evidence, an interlocutory award of fees may be appropriate.[4]

---

[4] We do not mean to suggest that an award of attorney's fees and costs is necessarily appropriate in such circumstances but, rather, may be appropriate depending on the circumstances, including the outcome of the case. For instance, an award of attorney's fees and costs against a prevailing party in favor of a party ultimately determined not to have a legally meritorious claim would likely be challenged as fundamentally unfair.

On the other hand, when an employer denies a claim or refuses to initiate benefits based on an unsettled issue of law or on a reasonable interpretation of the facts available to it at the time the claim is denied, even if that denial is later found to be wrongful, the court should delay an award of attorney's fees until the litigation has run its course and there is no longer a question as to the compensability of the claim or whether the employee is owed workers' compensation benefits. This approach serves two important objectives. First, it helps avoid multiple appeals involving disputes over attorney's fees and expenses and, in turn, results in a quicker resolution of the case on its merits. Second, this approach helps avoid the anomaly of a prevailing party having to pay significant litigation costs (in addition to its own) of a party that is ultimately determined not to have had a compensable claim in the first place.

It is within this context that we must evaluate the present case. Employee alleged he injured his shoulder on or about November 3, 2017. When he first reported to Fast Pace Urgent Care Clinic the following day, the triage note indicated he was "not sure what he has done." He described tightness in his right shoulder that was "just a different feeling." In the "History of Present Illness," the nurse practitioner noted "no known injury but states he drives an 18 wheeler locally and thinks this may be related to getting in and out of the cab of the truck or loading [the] truck."

On a November 7, 2017 Indiana First Report of Employee Injury form, Employer's Safety Director noted "driver does not know how the injury may have occurred." On a separate First Report of Injury form, Employee allegedly reported he suffered pain in his shoulder due to "entering and exiting truck." On another Report of Injury form signed by Employee, Employee wrote he was "climbing into truck or trailer" when he experienced the symptoms. Finally, on a fourth injury report form, Employee wrote he was "entering or exiting truck or trailer, or tightening straps" when he felt pain.

During the initial expedited hearing, Employee testified he felt a "slight, dull stiffness" in his right shoulder as he climbed into his truck to start his work-related trip on November 2, 2017. During the first part of the trip, he continued to experience a "stiff . . . dull pain" in his shoulder. Later, while at a stop in Wynne, Arkansas, he testified he was opening the trailer door and attempting to swing and pin it to the side of the trailer when he felt "more of a sharp pain than before." After that stop, he described his overall shoulder condition as "a little bit worse." At his next stop, in Osceola, Arkansas, the same work activities as the previous stop caused "a little bit of considerably higher pain." He also reported that climbing back into the truck after that stop caused the worst pain. When asked during the expedited hearing whether he could pinpoint "the exact point in time when [he] suffered an injury to [his] shoulder," he replied, "[n]ot to the best of my knowledge. No."

On November 17, 2017, and again on December 4, 2017, Employer filed forms with the Indiana Workers' Compensation Board seeking additional time "so we can

7

determine compensability." On the first of those forms, Employer noted "claimant does not know how he strained his shoulder."

On December 13, 2017, Employee was seen by an orthopedist, Dr. Sean Grace. Dr. Grace's report reflects Employee complained of right shoulder pain caused by "lifting the trailer door in the back," which resulted in a "sharp pain in his upper arm and shoulder area." In his petition for benefits, signed on January 23, 2018, Employee stated "Employer denied claim." Thus, the record reflects that Employer's decision to deny Employee's claim occurred sometime between December 4, 2017 and January 23, 2018. It is within this time frame we will assess whether Employer's decision to deny the claim was erroneous, incorrect, or otherwise inconsistent with the law or facts.

The trial court concluded Employer was incorrect in "relying solely . . . upon its own interpretation of [Employee's] description of injury and medical records." We respectfully disagree with the trial court's characterization of the applicable test and our prior opinions. While we agree an employer or insurer cannot rely on its own medical opinions or its own interpretation of expert medical evidence to support a denial, *see, e.g.*, *Lurz v. International Paper Co.*, No. 2015-02-0462, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Tenn. Workers' Comp. App. Bd. Feb. 14, 2018), an employer can review and consider the facts of a case, including an employee's description of the alleged injury, in deciding whether to accept or deny the claim.

In the present case, at the time of the denial of the claim in December 2017 or January 2018, Employer had available to it numerous and varied descriptions of the alleged accident or accidents from Employee, including: (1) a November 6, 2017 Report of Injury stating "climbing into truck or trailer" and "normal job duty" as the cause of the accident; (2) a November 6, 2017 "1st Report of Injury" stating "entering or exiting truck or trailer, or tightening straps" as the description of the accident; (3) a November 7, 2017 Indiana First Report of Employee Injury stating "driver does not know how the injury may have occurred"; and (4) an IAIABC First Report of Injury form stating "claimant was either entering [or] exiting truck and sprained right shoulder." In addition, Employer noted on its Request for Additional Time form filed with the Indiana Workers' Compensation Board, which was signed on November 17, 2017, that "claimant does not know how he strained his shoulder."

Moreover, when Employee saw Dr. Grace on December 13, 2017, he reported for the first time that "he was lifting the trailer door in the back and felt a sharp pain in his upper arm and shoulder area." This description of the work accident was inconsistent with every other description Employee had offered to that point. The fact that Employee may have met his burden of proof at an expedited hearing eight months later does not compel a finding that Employer's earlier denial of the claim supports an interlocutory award of attorney's fees. Moreover, the posture of this case is significantly different than in *Thompson*, where we concluded an interlocutory award of attorney's fees was

appropriate. Here, medical evaluations and treatment are on-going, no medical depositions have occurred, and discovery has yet to take place.[5] The development of discovery and expert proof may have a direct impact on Employee's claim for additional workers' compensation benefits, which is a factor to be considered in assessing a claim for attorney's fees. *See* Tenn. Sup. Ct. R. 8, RPC 1.5. We further note that this case involved an unsettled point of law, the validity of a forum selection agreement. Under these circumstances, we conclude the trial court abused its discretion in determining this case falls within the "extremely limited circumstances" supporting an interlocutory award of attorney's fees.

In vacating the trial court's interlocutory award of attorney's fees at this early stage of the case, we express no opinion on whether an award of reasonable attorney's fees and costs will, ultimately, be proper pursuant to Tennessee Code Annotated section 50-6-226(d)(1)(B). Instead, as we have suggested previously, "[r]esolving litigation in piecemeal fashion delays a final resolution of the case, rarely serves the interests of judicial economy, adds costs for all concerned, and deprives workers and businesses alike of much needed finality and the ability to move on. Thus, absent highly unusual circumstances, a case should be permitted to largely run its course, unencumbered by uncertainties over future developments and the twists and turns inherent in litigation, before an award of attorney's fees and costs is made." *Thompson*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *37 (Davidson, J., concurring).

## Conclusion

For the foregoing reasons, we vacate the trial court's interlocutory award of attorney's fees and remand the case.

---

[5] The parties disagree as to why an MRI ordered by Dr. Grace had not been completed, but the fact remains that there was no definitive medical diagnosis in this case as of the date of the most recent expedited hearing.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Fred Travis, III | ) Docket No. 2018-03-0237 |
| | ) |
| v. | ) State File No. 14934-2018 |
| | ) |
| Carter Express, Inc. et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 24th day of June, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Brad C. Burnette | | | | | X | bradburnette@foxandfarleylaw.com |
| J. Allen Brown | | | | | X | allen@jallenbrownpllc.com |
| Pamela B. Johnson, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

_Jeanette Baird_

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov